JOHNSON ET AL. *v.* WILLIAMS.

[No. 17,738.    Filed May 13, 1896.    Rehearing denied Sept. 24, 1896.]

APPEAL.—*Practice.—Assignment of Error.*—An assignment of error, based upon the overruling of a motion for judgment on the special finding, presents no question for decision in this court, when no motion was made in the trial court for judgment in favor of appellant.

SAME.—*New Trial.—Assignment of Error.*—When the causes in an assignment of error for overruling a motion for a new trial depend upon evidence, which has not been made a part of the record, no question is presented to this court for decision.

VENDOR AND PURCHASER.—*Failure of Title.—Rescission of Sale.— Damages.*—Where a vendor negotiated the sale of a body of land, which had been subdivided into five tracts, and conveyed to different parties, including vendor, and such owners executed separate deeds of conveyance for the several tracts of land, the consideration for the several conveyance was paid and secured by payment by grantee of a school fund mortgage on the whole tract, and by paying to each of the grantors a certain sum of money, and by the execution of notes of grantee to the grantors severally, in a suit for the collection of the notes executed to said vendor for the balance of purchase money of his separate tract of land, a cross-action to set aside said several conveyances and rescind said purchase so made, and for damages against vendor, will not lie because of the partial failure of title of one of the said several grantors, where such vendor made no representations as to the title to the lands so conveyed, and intended no fraud upon grantee in connection with the transaction.

From the Grant Circuit Court. *Affirmed.*

*Harvey & DeWolf,* for appellants.

*Ratliff & Cline,* for appellee.

HACKNEY, C. J.—There are three assignments of error upon the record in this case: 1. Exceptions to the conclusions of law stated upon a special finding of facts; 2. Overruling a motion for judgment in favor of the appellants on the facts so found; and 3. Overruling a motion for a new trial.

The second and third assignments do not properly present any question for decision, since no motion was made in the trial court for judgment in favor of the appellants, and the causes assigned for a new trial depend upon the evidence which has not been made a part of the record.

The facts specially found were, substantially, that in March, 1888, James L. Williams owned a tract of something over one hundred and forty acres of land, adjacent to the town of Upland, in Grant county. This he divided into five tracts, four of which he conveyed to his children; one of the tracts, twenty-five acres, he conveyed to his daughter, "Amy A. Bedwell and her children," she then having two children; one of said tracts, forty acres, he conveyed to John W. Williams. Thereafter, in 1892 or 1893, the Upland Land Company desired to purchase the several tracts so conveyed and that retained by James L. Williams, and to that end its agent entered into negotiations with said John W. Williams for himself and on behalf of his father and the other owners of said lands. It was finally agreed that the several owners would convey said lands to said company for $19,000.00, part in cash and part on time. At that time there had been no representations as to the title of the lands so conveyed to Amy A. Bedwell and her children, and the

company made no search of the records and no inquiry as to whether Mrs. Bedwell was the exclusive owner of said twenty-five-acre tract; but, at the execution of the several deeds to the company, the deed so made to Mrs. Bedwell and her children was submitted to the company and inspected by its agents, and said John W. Williams intended no fraud upon said company in his connection with the transaction. Notwithstanding said deed included her children as grantees, she executed a deed of general warranty for said twenty-five-acre tract, her husband joining in the deed, and the respective owners of the four remaining tracts executed deeds of general warranty to said company. The consideration for said several conveyances, so aggregating $19,000.00, was paid and secured, first by the payment of a school fund mortgage on the whole tract, second by paying to each of the grantors a sum of money, including $500.00 to Mrs. Bedwell and $3,400.00 to John W. Williams, and third by the execution to said several grantors of the notes of said company and appellant Johnson, and including one to Mrs. Bedwell for $1,000.00 and one for $2,000.00, and to John W. Williams one for $1.500.00, one for $1,860.00 and another for $1,860.00. In like manner several notes were executed to the other grantors respectively. The grantors in the said several conveyances to the company had no interest whatever in any of the several tracts conveyed, excepting that which each so held in severalty as aforesaid. Said several deeds were executed in April, 1893, at which time said company went into, and has ever since continued in possession of said lands. In July, 1893, said company conveyed all of said lands, with other lands, to said Johnson, who, on the 2d of October, 1893, executed a mortgage thereon, excepting said twenty-five acre tract, to the Aetna Life Insurance Company.

This action was begun in May, 1894, by the appellee, John W. Williams, upon the three notes so executed to him and the appellants, having sought by cross-complaint to set aside said several conveyances and rescind said purchase so made, brought into court, while the trial was in progress, deeds of reconveyance to said several grantors of said several tracts, which were tendered by the appellants. That said deed to Mrs. Bedwell included her children as grantors, was not known by said John W. Williams, nor by the agent of said company who so negotiated said purchase, until after the execution of said several deeds to said company.

In June, 1894, John W. Williams, as guardian for said two children of Mrs. Bedwell, by proceedings found in detail, sold the undivided two-thirds of said twenty-five-acre tract to said Amy A. Bedwell and conveyed the same to her by suitable deed.

The amount due upon said three notes sued upon was found to be $5,013.93.

Upon these facts the court stated as conclusions of law that said notes were valid; that the appellants and neither of them should recoup any sum in damages against said John W. Williams, and should not obtain a cancellation of said notes, and that neither of the appellants should recover in this action any of the purchase-money by them paid.

It will be observed that whatever the appellants have suffered has been from the conveyance by Mrs. Bedwell of an interest in the twenty-five-acre tract not owned by her. Just why John W. Williams, who made no false representations, who intended no fraud, and who was ignorant of the ownership, by the children, could be held in damages, has not been made clear to us. Just how the appellants could rescind as to their several grantors, because of the partial failure

of title as to but one of such grantors conveying a separate tract by a separate deed, and could enforce that rescission in an action to which only one of the several grantors was a party; how that rescission could be made possible with the mortgage to the insurance company standing against all of the lands, save those attempted to be conveyed by Mrs. Bedwell; and how the tender of a reconveyance, for the first time, in the midst of the trial in this cause, could all be enforced have not been disclosed by the argument.

The rule that one who would rescind must act promptly in placing, or offering to place, in *statu quo* the person with whom he has contracted, has been grossly violated by the appellants, both by delay and by encumbering the property.

If this were an action upon the notes executed to Mrs. Bedwell, the argument upon the question as to her liability for broken covenant and the effect of her deed of warranty to carry the subsequently acquired title would be pertinent; but we fail to observe its application to the present case. John W. Williams did not warrant the title of Mrs. Bedwell, and the warranty of his own title is not questioned.

The argument that appellants may hold the lands and, without rescinding, recoup their losses from the breach of warranty by Mrs. Bedwell would be pertinent in an action by her upon the notes executed to her, but without some liability on the part of John W. Williams for damages for fraud or for breach of his convenant, we cannot apply that argument to the present case.

Treating the conveyances as involving one transaction, and as having been made for a single purpose, which would fail by the failure, in the slight degree of the two-thirds of a small fraction of the land, and seeking equitable relief against the loss by such fail-

ure, at the same time holding the lands conveyed, the plainest principles of equity would have required that such steps be taken as to charge that loss to the party by whose fault it had occurred. John W. Williams being found without fault, and the court not having before it the party at fault, the only decision possible was that made.

We find no error in the record, and the judgment of the circuit court is affirmed.